Argued December 19, 1978, affirmed without opinion February 20, 1979

STATE OF OREGON, *Respondent,*
*v.*
CHARLES JORDAN, *Appellant.*
(CA 11798, 11799, CR 78-168, 78-170)
(Consolidated cases)
591 P2d 431

Ronald L. Marek, Attorney for Appellant.

Walter L. Barrie, Catherine Allan, Attorneys for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J., concurring in part, dissenting in part.

**TANZER, J.,** concurring in part; dissenting in part.

I concur with the majority in affirming without opinion defendant's conviction for menacing. I also concur that the motion to suppress was properly denied. I dissent only from the majority's affirmance of the conviction for resisting arrest.

The crime of resisting arrest is defined by ORS 162.315(1):

"A person commits the crime of resisting arrest if he intentionally resists a person known by him to be a peace officer in making an arrest."

ORS 162.315(2) defines "resists" as meaning something more than it means in common parlance:

" 'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person."

There is no evidence in this case that the defendant resisted arrest in the statutory sense of that word. The officers testified that they entered defendant's house without a warrant to arrest him. Defendant held an inside door closed, but the officers pushed it open. Because they feared that defendant had a weapon, immediately upon entry they grabbed defendant, pushed him against the wall, each taking one arm, tripped him and took him to the floor where they attempted to handcuff him as he was held in a chokehold. Defendant did not submit to arrest. Instead he struggled to avoid being physically subdued. The officers testified that defendant did not direct force against the officers or threaten them, but rather merely used his strength to made it difficult to get the handcuffs on him. It took eight to ten minutes to get him under control.

There was no evidence of "the use or threatened use of violence, physical force or any other means that create[d] a substantial risk of physical injury to any

person" as required by ORS 162.315(2). The state argues only that defendant's action created "a highly volatile and dangerous situation which could have been avoided if defendant had peaceably complied with the police officers' demands."[1] The statute, however, requires more than a dangerous situation. The Commentary explains:

> "Resisting arrest is usually manifested by physical violence directed at the arresting officer. [This section] is limited therefore to the use, or threatened use, of physical violence or acts producing a 'substantial risk of physical injury.' * * * 'Neither flight from arrest nor passive resistance should be made crimes in themselves. * * *' " Commentary, Proposed Oregon Criminal Code, § 206, p 204 (July 1970).

Although defendant's conduct was arguably more than "passive resistance" in that he used his strength instead of going limp, it was not "physical violence directed at the arresting officer." It was therefore not prohibited by this criminal statute and his conviction on Count II should be reversed.

---

[1]Defendant's son spontaneously came to defendant's assistance with a pop bottle, but was disarmed. He also reached toward a gun rack, but was dissuaded. Defendant, of course, is not chargeable with his son's conduct.